UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

TERRY RICKARD                                                                                       PLAINTIFF

v.                                                                    CIVIL ACTION NO. 4:12CV-P13-M

HOPKINS COUNTY JAIL                                                                           DEFENDANT

MEMORANDUM OPINION

Upon filing the instant action, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims.  *See* Local Rule 5.2(d) ("All pro se litigants must provide written notice of a change of address to the Clerk and to the opposing party or the opposing party's counsel.  Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions.").

On January 20, 2012, the Clerk of Court issued a deficiency notice to Plaintiff directing him to complete a complaint form, to either pay the filing fee or file an application to proceed without prepayment of fees, and to submit a completed summons form for each Defendant.  The deficiency notice advised Plaintiff that failure to comply within 30 days, without good cause shown, would result in the matter being brought to the attention of the Court.  Because Plaintiff failed to comply, the Court entered an Order on March 12, 2012, directing Plaintiff to show cause for his failure to comply or, in the alternative, to comply.  On March 19, 2012, the U.S. Postal Service returned the Order to the Court.  The envelope was marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward."

Apparently, Plaintiff is no longer incarcerated at the Hopkins County Jail, and because he has not provided any forwarding address to the Court, neither notices from this Court nor filings by Defendants can be served on him.  In such situations, courts have an inherent power "acting on their own initiative to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because it appears to this Court that Plaintiff has abandoned any interest in prosecuting this case, the Court will dismiss the action by separate Order.

Date:

cc: Plaintiff, *pro se*
    Hopkins County Attorney
4414.005